UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SONALOITA WILSON,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　v.<br>UNITED STATES OF AMERICA, *et al.*,<br>　　　　　　　　　　　　Defendants. | Case No. 2:18-cv-01241-JCM-NJK<br><br>ORDER |

Presently before the court is the United States of America's (the "USA") motion to dismiss. (ECF No. 25). Plaintiff Sonaloita Wilson ("plaintiff") filed a response (ECF No. 28), to which the USA replied (ECF No. 32).

Also before the court is the USA's motion to stay case. (ECF No. 37). Plaintiff filed a response (ECF No. 38). No reply has been filed, and the time to do so has passed.

**I.　　Facts**

Plaintiff brings this action pursuant to the Federal Tort Claims Act ("FTCA") to collect money damages for injuries sustained in two successive automobile crashes, one of which involved an employee acting within the scope of her employment for the Department of the Treasury ("DOTR"). (ECF No. 1).

Plaintiff's complaint alleges the following relevant facts:

On September 1, 2016, plaintiff was traveling in an automobile in Las Vegas, Nevada. *Id.* When plaintiff stopped her vehicle for pedestrian traffic, defendant Makia McCloud ("McCloud"), an employee of the Internal Revenue Service ("IRS"), crashed into the rear of plaintiff's vehicle. *Id.* The vehicle driven by McCloud was owned by the USA and/or defendant

Bobby Warren ("Warren"), another IRS employee. *Id.*

Following the crash, plaintiff was seated in her disabled vehicle in the left of two travel lanes when defendant Liceth Demha-Santiago ("Demha-Santiago") crashed into the back of plaintiff's vehicle. *Id.* Demha-Santiago was allegedly driving a vehicle owned by defendant Juan Demha ("Demha") at the time of the crash. *Id.*

Plaintiff's complaint asserts five claims for relief: (1) negligence against McCloud, Demha-Santiago, and "Doe" defendants; (2) "family purpose doctrine" against Demha; (3) negligent hiring, supervision, and training against the USA, Warren, and "Doe" defendants; (4) "vicarious liability" against the USA, Warren, and "Doe" defendants; and (5) negligent entrustment against the USA, Warren, Demha, and "Doe" defendants. *Id.*

The court now considers the USA's motion to dismiss pursuant to FRCP 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1) (lack of subject-matter jurisdiction).

## II. Legal Standard

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having

the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

### III. Discussion

*a. Motion to dismiss*

As a preliminary matter, vicarious liability and "family purpose doctrine" are not independent causes of action. Rather, they are theories of liability that may be asserted pursuant to a plaintiff's negligence claim. *See Arata v. Faubion*, 123 Nev. 153, 157–58 (2007). Accordingly, the court will dismiss, *sua sponte*, plaintiff's second and fourth claims for failure to state a claim for which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

Plaintiff asserts her remaining claims against the USA, McCloud, and Warren under the FTCA. "The purpose of the [FTCA] is to provide a remedy to citizens injured by governmental negligence in circumstances in which the same act of negligence would impose liability under state law, but for governmental immunity." *Kearney v. United States,* 815 F.2d 535, 536 (9th Cir. 1986).

Importantly, the parties agree that defendants McCloud and Warren were acting within the scope of their employment with the IRS at the time of the crash—McCloud as the driver of the vehicle and Warren as the owner of the vehicle who authorized McCloud to drive it. *See* (ECF Nos. 25, 28). Accordingly, plaintiff concedes that McCloud and Warren should be dismissed from this action, as the USA is the only proper party to an FTCA suit. *See FDIC v. Craft,* 157 F.3d 697, 706 (9th Cir. 1998). Thus, the court hereby dismisses defendants McCloud and Warren from this action.

However, the USA contends that plaintiff's FTCA claims against it must also be dismissed pursuant to the "discretionary function exemption." (ECF No. 25 at 4).

"The discretionary function exception retains the United States's sovereign immunity for '[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" *Chadd v. United States*, 794 F.3d 1104, 1108–09 (9th Cir. 2015) (quoting 28 U.S.C. § 2680(a)). In *Chadd*, the Ninth Circuit explained

the Supreme Court's two-step process for evaluating whether the "discretionary function exception" applies:

> First, a court examines whether the government's actions are "discretionary in nature, acts that involv[e] an element of judgment or choice." In making this examination, it is "the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case." "If there is . . . a statute or policy directing mandatory and specific action, the inquiry comes to an end because there can be no element of discretion when an employee has no rightful option but to adhere to the directive."
>
> Second, "even assuming the challenged conduct involves an element of judgment, it remains to be decided whether that judgment is of the kind that the discretionary function exception was designed to shield." "The exception protects only government actions and decisions based on social, economic, and political policy." However, the exception "is not confined to the policy or planning level" and extends to "the actions of Government agents."

*Id.* (internal citations omitted).

The Ninth Circuit has recognized that the "distinction between protected and unprotected actions and decisions has proven itself to be a particularly vexing determination for district and appellate courts alike." *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008). However, the Ninth Circuit has also noted that governmental actions can be classified along a spectrum, ranging from those totally divorced from the sphere of policy analysis, *such as driving a car*, to those fully grounded in regulatory policy, such as the regulation and oversight of a bank." *Id.* (internal quotations omitted) (emphasis added). *See also Whisnant v. United States*, 400 F.3d 1177, 1181 (9th Cir. 2005). This helpful instruction is of particular interest to the court in this case.

However, although plaintiff's claims may be substantively viable, the court finds that her complaint is nevertheless deficient. For a complaint lodged pursuant to the FTCA to survive a motion to dismiss, it must allege specific facts that would support a finding that the challenged actions are not the type of actions that are grounded in the policy of the regulatory regime. *United States v. Gaubert*, 499 U.S. 315, 324–25 (1991); *Prescott v. United States*, 973 F.2d 696, 704 (9th Cir. 1992).

/ / /

/ / /

4

Here, plaintiff's complaint suffers several deficiencies in light of the foregoing precedent. First, the only claims that plaintiff asserts against the USA are her third and fifth claims for "negligent hiring, supervision, and training," and "negligent entrustment." (ECF No. 1). However, plaintiff fails to plead, on the face of her complaint, why the challenged conduct (the agency's decision to hire McCloud and Warren's decision to let McCloud drive his vehicle) are not the types of conduct that are grounded in policy-making.[1] Such a pleading is necessary in light of the general rule that actions involving the employment, supervision, and training of government employees "fall squarely within the discretionary function exception." *Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000).

Second, even if plaintiff could assert a viable claim against the USA for McCloud's alleged negligence in causing the crash, plaintiff's complaint asserts her negligence claim against McCloud only, and not the United States. Therefore, because the court has already determined that claims pursuant to the FTCA must be asserted against the USA rather than individual government employees, the court must dismiss plaintiff's negligence claim as to McCloud.[2]

Accordingly, the court hereby dismisses plaintiff's first, third, and fifth claims against the USA *without prejudice*. Because plaintiff's claims may be substantively viable, the court will allow plaintiff the opportunity to amend her complaint to attempt to cure the deficiencies noted by the court. Additionally, the court dismisses, *with prejudice*, plaintiff's second and fourth claims for failure to state a cognizable legal claim.

  b. *Motion to stay*

The USA's motion to stay was filed in response to the temporary government shutdown that occurred in late-2018 and into 2019. (ECF No. 37). Because the government shutdown is no longer in effect, the court will deny as moot the USA's motion.

---

[1] Plaintiff argues in her opposition that the agency's decision to hire McCloud despite her history of prior traffic incidents was not discretionary in nature, as the Code of Federal Regulations "mandates its agencies to hire only an applicant . . . with a safe driving record." (ECF No. 28 at 4) (citing C.F.R. § 930.105). However, this theory does not appear on the face of plaintiff's complaint, as required under *Gaubert*. *See Gaubert*, 499 at 324–25. Accordingly, the court will not consider that argument against dismissal.

[2] Plaintiff's negligence claim survives as to defendant Demha-Santiago, who is not joined to the instant motion.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the USA's motion to dismiss (ECF No. 25) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that the USA's motion to stay (ECF No. 37) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendants Makia McCloud and Bobby Warren be, and the same hereby are, DISMISSED from this action.

IT IS FURTHER ORDERED that plaintiff's second and fourth claims be, and the same hereby are, DISMISSED with prejudice.

DATED THIS 19th day of April 2019.

*/s/ James C. Mahan*
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE