UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SONALOLITA WILSON, | Case No. 2:18-CV-1241 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Sonalolita Wilson's ("Wilson") motion for partial summary judgment. (ECF No. 98). Defendant United States of America ("United States") responded in opposition (ECF No. 105), to which Wilson replied (ECF No. 108). Defendants Juan Demha ("Demha") and Liceth Demha-Santiago ("Santiago") (together with the United States, "defendants") did not respond, and the time to do so has passed.

**I.      Background**

This matter arises from a multi-vehicle accident which caused Wilson injuries. On September 1, 2016, Wilson approached an intersection with a marked crosswalk while driving east on Washington Avenue. Wilson testified that she saw pedestrians on the sidewalk to her left near the crosswalk. (ECF No. 98-1 at 42–43). She then slowed down and came to a "gradual stop" to let them cross. (*Id.* at 43–44). While Wilson's vehicle was stopped, Nakia McCloud ("McCloud"), a United States employee driving a government vehicle, crashed into Wilson's vehicle from behind. (ECF No. 98-2).

McCloud testified that rather than coming to a gradual stop, Wilson "slammed on her brakes" immediately before the collision. (ECF No. 98–2 at 14–15). However, McCloud also testified that she observed "people standing on the side of the street at the corner" before

**James C. Mahan**
**U.S. District Judge**

Wilson came to a complete stop. (*See id.* at 15). McCloud ultimately agrees that the pedestrians did eventually cross to the other side of the street. (*Id.* at 16).

Following McCloud's collision into Wilson, McCloud moved her vehicle out of traffic and called 911. (*Id.* at 18). Wilson exited her vehicle, inspected it for damage, then entered back into her vehicle which remained disabled in the travel lane. (ECF No. 98-1 at 49–51). While Wilson sat in her disabled car, her vehicle was struck again by a new vehicle, this one driven by defendant Santiago. (ECF No. 98 at 3). Wilson avers that she sustained injuries to her neck, lower back, face, and head as a result of the collisions. (ECF No. 98 at 3).

On July 6, 2018, Wilson filed a complaint alleging negligence against the United States and Santiago.[1] (ECF No. 44). The defendants then brought crossclaims against each other for contribution based on comparative negligence. (ECF Nos. 14 at 8–7, 56 at 12). Wilson now moves for partial summary judgment as to the question of comparative negligence and joint and several liability in her claim against both defendants. (ECF 98).

## I.     LEGAL STANDARD

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."[2]  FED. R. CIV. P. 56(A).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).

---

[1] Wilson also filed against Santiago's father, defendant Demha, for negligent entrustment. (ECF No. 44).

[2] The court can consider information in an inadmissible form at summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

**James C. Mahan**
**U.S. District Judge**

However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and

**James C. Mahan**
**U.S. District Judge**

- 3 -

allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## II.   DISCUSSION

The core question before the court is whether there is a genuine issue of material fact surrounding Wilson's comparative negligence. As discussed below, the court finds that there are no genuine issues of material fact as to Wilson's comparative negligence for the first collision, rendering summary judgment proper for that issue. However, summary judgment is inappropriate as to Wilson's comparative negligence for the second collision.

Accordingly, the court GRANTS in part and DENIES in part Wilson's motion for partial summary judgment, consistent with the following.

A.   <u>There is no bona fide issue of comparative negligence for the first collision</u>

Wilson argues that the first collision with McCloud did not involve comparative negligence on Wilson's part and therefore joint and several liability must apply as a matter of law to the entire matter.[3] (ECF No. 98 at 7). However, the United States argues the incident did in fact involve comparative negligence, thus several—not joint and several—liability applies. (ECF No. 105 at 2).

Wilson argues that the United States waived its right to assert comparative negligence by not including the allegation in its answer. (ECF 2 at 12). The United States disagrees, claiming its answer properly asserted comparative negligence when taken together with its

---

[3] Nevada law provides that several liability applies to personal injury actions where comparative negligence is asserted as a defense and recovery is sought against multiple defendants. NEV. REV. STAT. 41.141(4). Wilson posits that when comparative negligence is absent, joint and several liability applies *de facto*. (ECF 98 at 7).

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  supplemental responses to Wilson's interrogatories. (ECF No. 105) (citing ECF Nos. 52; 56;
2  105-5).[4] The United States is mistaken.

3  As Wilson correctly argues, a party's response to a pleading must state any applicable
4  affirmative defenses. FED. R. CIV. P. (8)(a)(1). The Ninth Circuit applies the "fair notice"
5  standard when determining the sufficiency of a party's affirmative defense pleadings.
6  *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016 (9th Cir. 2015). Fair notice requires only
7  that a defendant describe an affirmative defense in general terms, stating the nature and
8  grounds for the affirmative defense. *Id.* (citations omitted). Here, the United States' answer
9  did not describe the affirmative defense of comparative negligence or state the nature and
10 grounds for raising the defense.[5] Thus, without amendment to its pleadings, it has waived
11 the defense.

12 Rule (15)(a)(2) provides that a party may amend its pleading with the court's leave
13 and instructs that "[t]he court should freely give leave when justice so requires." *Morongo*
14 *Band of Mission Indians v. Rose*, 893 F.2d 1071, 1079 (9th Cir. 1990). But here, justice does
15 not so require because no genuine disputes of material fact are at issue to support a
16 comparative negligence defense. Thus, amendment would be futile.

17 Although Wilson's and McCloud's factual accounts of the collision differ as to
18 whether the pedestrians had begun crossing when Wilson stopped (ECF Nos. 98-1 at 42–43;
19 98–2 at 14–15), they agree that the pedestrians did cross the road when they had the
20 opportunity. Nevada law provides that "[d]rivers are obligated to yield to pedestrians who
21 are attempting to cross the road." DEPT. OF MOTOR VEHICLES, NEVADA DRIVER'S
22 HANDBOOK 61 (2021). Therefore, regardless of whether the pedestrians had already started

---

[4] Defendants Demha and Santiago properly raised the affirmative defense of comparative negligence in their answer. (ECF No. 44 at 5).

[5] The United States provided some form of notice of its comparative negligence argument in a supplemental response to Wilson's interrogatories. (ECF 105-5). However, it did not properly raise the affirmative defense in its pleadings (as required). Instead, it merely asserted that it may only be held liable for its proportionate share of fault, if any, and reserved the right to other affirmative defenses as they are obtained through discovery. (ECF No. 56 at 11). This is insufficient to provide "fair notice."

**James C. Mahan**
**U.S. District Judge**

- 5 -

to cross, as Wilson claims, or were on the sidewalk attempting to cross, as McCloud claims, they had the right of way and Nevada's driving laws obligated Wilson to stop for them.

Further, Nevada drivers are directed to maintain a safe following distance of at least two seconds behind the vehicle in front of them. *Id.* at 42. McCloud was obligated to maintain a safe following distance behind Wilson, so the question of whether Wilson slammed on her breaks or came to a gradual stop is immaterial as McCloud had a duty to leave adequate room between her vehicle and Wilson's. Therefore, this issue of fact is not material to the issue of comparative negligence.

With no other genuine issues of material fact remaining, the court finds no comparative negligence with respect to the first collision. Accordingly, the court GRANTS Wilson's motion for partial summary judgment in favor of Wilson as to her comparative negligence in the first collision.

B. Factual disputes remain as to comparative negligence for the second collision.

Wilson argues that she is not at fault for the second collision. (*See* ECF No. 91 at 9). She supports her argument by pointing out that Santiago and Demha have not offered expert testimony to bolster their contention otherwise. (*Id.*). However, Santiago and Demha's answer properly asserted comparative negligence as an affirmative defense and the reasonability of Wilson's decision to remain in her disabled vehicle on the roadway is a genuine question of material fact best reserved for the factfinder.

Therefore, the court declines to hold as a matter of law that Wilson holds no comparative negligence for the second collision and DENIES summary judgment on this point.

III. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Wilson's motion for partial summary judgment (ECF No. 98) be, and the same hereby is, GRANTED in part and DENIED in part. Summary judgment is granted in favor of Wilson as to the

**James C. Mahan**
**U.S. District Judge**

United States' claim of comparative negligence for the first collision and denied as to her comparative negligence for the second collision.

DATED March 21, 2022.

_____
UNITED STATES DISTRICT JUDGE