UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SONALOLITA WILSON, | Case No. 2:18-CV-1241 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendant(s). | |

Presently before the court is defendants Liceth Demha-Santiago and Juan Demha's motion for determination of good faith settlement. (ECF No. 138). Plaintiff Sonalolita Wilson joined that motion in relevant part. (ECF No. 146).

Under Nevada law, the determination of whether a settlement is entered in "good faith" under NRS § 17.245 is "left to the discretion of the trial court based upon all relevant facts available." *Velsicol Chemical Corp. v. Davidson*, 107 Nev. 356, 811 P.2d 561, 563 (Nev. 1991). The factors discussed in *In re MGM Grand Hotel Fire Litigation*, 570 F. Supp. 913, 927 (D. Nev. 1983), may be among the relevant facts a court may choose to consider in the exercise of its "considerable discretion." *The Doctors Co. v. Vincent*, 120 Nev. 644, 98 P.3d 681, 686-87 (Nev. 2004).

Such factors include "the amount paid in settlement, the allocation of the settlement proceeds among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *In re MGM*, 570 F. Supp. at 927 (citing *Commercial Union Ins. Co. v. Ford Motor Co.*, 640 F.2d 210 (9th Cir. 1981)). However,

**James C. Mahan**
**U.S. District Judge**

Nevada law includes no requirement that a court consider or limit its analysis to the *MGM* factors or hold a hearing before making a determination of good faith. *Velsicol*, 811 P.2d at 563.

The parties do not meaningfully dispute this motion.[1] Both urge the court to find that the settlement was made in good faith. Upon review, the court agrees. It finds that the settlement was made in good faith. Defendants' limited financial resources, the fact that the settlement amount represents the upper threshold of insurance coverage, and the potential for a verdict awarding plaintiff nothing because she was comparatively negligent all weigh in favor of determining a good faith settlement. In addition, the court sees no evidence suggesting this settlement was the result of fraud, collusion, or tortious conduct aimed to injure the interest of the remaining defendant—the United States.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for determination of a good faith settlement (ECF No. 138) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motions *in limine* (ECF Nos. 129; 130; 131; 133) be, and the same hereby are, DENIED, as moot.

IT IS FURTHER ORDERED that plaintiff and defendants shall submit a stipulation or proposed order dismissing defendants on or before Monday, April 3, 2023.

DATED March 27, 2023.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff disputes defendants' arguments regarding comparative negligence, presumptively to avoid waiving them at trial. The court need not address them here to determine that the settlement was nevertheless made in good faith.

**James C. Mahan**
**U.S. District Judge**