UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SONALOLITA WILSON, | Case No. 2:18-CV-1241 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff's motion to allow two of her experts to testify remotely. (ECF No. 167). Specifically, she seeks leave to allow remote testimony from (1) Dr. Michael Freeman due to "the extent of his prior commitments that are restricting him from testifying in person" and (2) Dr. Terrence Clauretie due to recent medical treatments. (*Id.* at 4). Defendant filed a response in which it agrees that there is good cause for Dr. Clauretie to testify remotely but opposes the motion as to Dr. Freeman. (ECF No. 168).

Federal Rule of Civil Procedure 43 states:

> "At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."

Fed. R. Civ. Pro 43(a). Therefore, in order to justify remote testimony, plaintiff must prove good cause exists.

The advisory committee notes to FRCP 43 counsel that remote testimony "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial," and those

**James C. Mahan**
**U.S. District Judge**

notes further counsel that "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id.* at advisory committee's note (1996 amendment).

Plaintiff contends that Dr. Freeman should be allowed to testify remotely because "his extensive scheduling conflicts only allow him to testify on certain days in very limited time slots." (ECF No. 167 at 4). Setting aside the fact that plaintiff fails to even list the specific dates of those conflicts, the fact that she has failed to ensure her own expert's availability for the trial is not the court's concern.

The parties jointly offered the scheduled trial date in a stipulation filed in November 2022. (ECF No. 125). Plaintiff has had this trial date on her calendar for nearly six months. Nevertheless, she has failed to secure her own expert's availability, and he is now scheduled to take part in "three (3) trials, thirteen (13) depositions, and two (2) lectures," over the next two weeks. (ECF No. 167 at 4). That schedule can "hardly be construed as unforeseen." *Rodriguez v. SGLC, Inc.*, No. 2:08-cv-01971, 2012 WL 3704922, at *2–3 (E.D. Cal. Aug. 24, 2012).

Plaintiff has failed to demonstrate good cause as to Dr. Freeman. She cites no case law, does not seriously contend with Rule 43(a)'s good cause standard, and provides a justification that essentially amounts to "he's busy." A scheduling conflict alone does not constitute good cause. *See Palmer v. Valdez*, 560 F.3d 965, 968–69 (9th Cir. 2009); *Niemeyer v. Ford Motor Co.,* No. 2:09-CV-2091-JCM-PAL, 2012 WL 5199145, at *3–4 (D. Nev. Oct. 18, 2012).

In *Niemeyer,* this court was presented with a materially identical circumstance. There, a plaintiff requested that a doctor be allowed to testify remotely because the doctor had prior commitments with patients during the trial. 2012 WL 5199145, at *1. This court determined that, without more, a scheduling conflict that did not arise on an emergency basis did not suffice as good cause. *Id.* at *4.

The same reasoning applies here. This conundrum is one of plaintiff's own making and was foreseeable far before the week of trial. Therefore, the court DENIES the motion as to Dr. Freeman and will require him to testify in person pursuant to FRCP 43 if plaintiff chooses to call him.

**James C. Mahan**
**U.S. District Judge**

However, plaintiff presents good cause as to Dr. Clauterie. Dr. Clauterie's recent health procedure makes him particularly susceptible to illness and is much more in line with the sort of unexpected circumstance that Rule 43(a) and the advisory committee notes contemplate. Given that the government agrees that plaintiff has shown good cause as to this witness, the court will GRANT the motion as to Dr. Clauterie, and he will be permitted to testify remotely.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for remote testimony (ECF No. 167) be, and the same hereby is, GRANTED as to Dr. Clauterie, and DENIED as to Dr. Michael Freeman.

DATED April 5, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -