UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SONALOLITA WILSON,<br><br>　　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　　　　　Defendant(s). | Case No. 2:18-CV-1241 JCM (NJK)<br><br>ORDER |

　　　　Presently before the court is plaintiff Sonalolita Wilson's motion for either judgment on the pleadings or summary judgment. (ECF No. 164). Defendant the United States ("the government") filed a response (ECF No. 170) that also requests leave to amend its answer in the alternative (ECF No. 171), as well as an errata containing the proposed amended answer (ECF No. 182). Plaintiff then filed a reply to the original motion that also opposed defendant's countermotion to amend. (ECF No. 180).

　　　　The facts in this matter have been repeated extensively in this court's prior orders. To recount briefly, this is a negligence action arising from two successive rear-end crashes. One of the government's employees rear-ended plaintiff before a second, now-dismissed, defendant rear-ended her shortly thereafter while the disabled car remained on the road.

　　　　These motions essentially ask the court to determine whether the government may present evidence of comparative negligence at trial. In short, it may amend its answer to do so.

　　　　"In determining whether leave to amend is appropriate, the district court considers the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility" of the amendment. See *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Pursuant to Rule 15(a), courts should "freely" give leave to amend "when

**James C. Mahan**
**U.S. District Judge**

1 justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory
2 motive on the part of the movant, repeated failure to cure deficiencies by amendments previously
3 allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility
4 of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The extensive procedural history of this case actually illuminates this matter. Until days before the instant motions, there was another set of defendants in the case who *had* affirmatively pled comparative negligence. The nature of that defense means that its use by any one defendant will inevitably result in the court allocating the damages appropriately. Thus, despite the court's admonition that the governmentt had nominally waived the defense without amendment, *see* (ECF No. 113), it was unnecessary for the government to actually amend its pleading because the other defendants would have presented essentially the same evidence leading to the same ultimate result.

Now that those defendants have been dismissed, it has become necessary for the government to amend its answer, and the court sees no prejudice in allowing it to do so. Plaintiff had prepared to defend against this argument from the other defendants and has known of this theory from the outset of litigation. Further, there was no undue delay, as plaintiff contends, given that the government promptly moved to amend following dismissal of the other defendants, and presentation of this theory will facilitate a verdict on the merits of the action.

Plaintiff also argues that amendment would be futile, as the government has no admissible evidence to support this theory. That may ultimately be true, but that is not the issue this motion seeks to resolve. The court will not, as a matter of law, exclude the possibility of admissible evidence supporting this defense. Plaintiff may challenge as inadmissible any evidence that the government adduces, and the court will address those objections at the proper time. But, for now, it is appropriate for the government to amend its answer to avoid waiving the defense of comparative negligence entirely.

Accordingly,

**James C. Mahan**
**U.S. District Judge**

1     IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's motion to amend (ECF No. 171) be, and the same hereby is, GRANTED.  The clerk is instructed to file Exhibit A of the errata (ECF No. 182) as an amended answer.

    IT IS FURTHER ORDERED that plaintiff's motion for judgment on the pleadings (ECF No. 164) be, and the same hereby is, DENIED, as moot.

    IT IS FURTHER ORDERED that the parties' amended joint pretrial order (ECF No. 190) be, and the same hereby is, STRICKEN, with leave to amend.  The parties are ordered to revise and submit a second amended joint pretrial order in light of this order within seven (7) days.  The parties are further reminded that they have stipulated to a bench trial, *see* (ECF No. 162), and they are advised to remove references to a jury in the second amended joint pretrial order.

    DATED May 31, 2023.

                                    _____
                                    UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -