UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SONALOLITA WILSON, | Case No. 2:18-CV-1241 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Sonalolita Wilson's former counsel, Ganz & Hauf's ("Ganz") motion to adjudicate lien. (ECF No. 233). Plaintiff's current counsel, Blackburn Wirth, LLP ("Blackburn") filed a response (ECF No. 234), to which Ganz replied. (ECF No. 235).

This action arises out of a car accident. Plaintiff retained Ganz to represent her in this matter on September 23, 2016, pursuant to a retainer agreement. (ECF No. 233 at 2). That agreement provided, in relevant part:

> WITHDRAWAL AND DISCHARGE. Withdrawal by the Firm may be made at any time for any reason upon written notice to Clients' last known address. The Firm's discharge by Client prior to settlement of the Claim shall be upon written notice to the Firm. Upon discharge or withdrawal of the Firm, Client shall immediately pay the Firm all costs advanced, and fees of Five Hundred Dollars ($500.00) per hour, in 15-minute increments, or a reasonable fee, or Thirty-Three and One-Third Percent (33 1/3%) (Forty Percent (40%) after filing suit as defined above) of the latest offer of settlement, whichever is more.

(*Id*. at 2-3).

**James C. Mahan**
**U.S. District Judge**

On June 2, 2021, plaintiff discharged Ganz and hired Blackburn as substitute counsel. (ECF No. 234 at 3). During the pendency of this action, Ganz filed suit against plaintiff in Nevada state court alleging breach of contract related to the parties' retainer agreement. (*Id.*). There, the court found that the withdrawal and discharge provision of the retainer agreement was illegal pursuant to 28 U.S.C. § 2678. (*Id.* at 8).

On August 7, 2023, judgment was entered in favor of plaintiff in the amount of $58,570.23. (ECF No. 230). On May 30, 2024, an interpleader action was filed in state court, naming Ganz as a defendant. (ECF No. 234 at 9). That action was filed to adjudicate any outstanding bills and liens, including Ganz's lien. (*Id.*). Ganz now moves for this court to order Blackburn to pay Ganz's lien from the funds received in this matter, in the amount of $58,570.23. (ECF Nos. 233; 235).

Because the interpleader action in state court encompasses plaintiff's settlement and judgment relating to the disbursement of funds, that court is better suited to adjudicate Ganz's lien. Moreover, the state court found the withdrawal and discharge provision of the retainer agreement to be illegal. (ECF No. 234 at 8). Thus, this court will not disrupt the findings of the state court and calculate any amount owed to Ganz.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's former counsel, Ganz & Hauf's motion to adjudicate lien (ECF No. 233) be, and the same hereby, is DENIED without prejudice.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

IT IS FURTHER ORDERED that the parties shall submit a status report within thirty (30) days after the conclusion of the state court interpleader action.

DATED January 22, 2025.

_____
UNITED STATES DISTRICT JUDGE